UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-5446-GW-JPRx** | Date | August 23, 2019 |
| Title | *Skyline Owners Association v. Pauline Clay, et al.* | Page | 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING CASE TO STATE COURT**

      On November 13, 2017, Plaintiff Skyline Owners Association file an action in state court to set aside an alleged fraudulent transfer of real property (*i.e.* Unit 511 at 600 West 9th Street, Los Angeles, CA 90015) by Defendant Pauline Clay. *See* Complaint in *Skyline Owners Ass'n. v. Clay*, Case No. BC683230, Superior Court of the State of California, County of Los Angeles, Docket No. 8-1 at 28-34 of 49. On June 21, 2019, Defendant removed that action to federal court pursuant to 28 U.S.C. §§ 1442 & 1443 on the sole basis she is a "federal officer within the provision of section 1442" because she was appointed as the guardian-ad-litem for two minor children in a federal civil rights action, *i.e. Erichsen v. County of Orange*, Case No. 2:14-cv-02357-JAK-(SSx). *See* Notice of Removal ¶'s 1, 3, 4, Docket No. 1. Plaintiff has filed a Motion to Remand. *See* Docket No. 9. Defendant has not filed an opposition to that Motion. *See* Reply re Defendant Pauline Clay's Failure to File or Serve an Opposition to plaintiff's Motion to Remand, Docket No. 15.

      Under 28 U.S.C. § 1441, a defendant may remove a state court action to federal court only if the action could have been originally filed in federal court, but "[t]he burden of establishing federal jurisdiction falls on the party invoking removal." *See Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (citing *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986)); *see also* 28 U.S.C. § 1441. Jurisdictional facts should be proven by a preponderance of the evidence. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."). If there is any defect which causes federal jurisdiction to fail, a federal court must order remand pursuant to 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(c); *see also Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (indicating that removal jurisdiction statutes are strictly construed against removal). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added).

  This Court could not find any case or other applicable legal exposition which has held that a person appointed as a guardian ad litem ("GAL") in a federal lawsuit is a "federal officer." Fed. R. Civ. P. 17(c) authorizes a district court to appoint a GAL to protect the interests of a minor litigant. However, in that situation, the GAL is not acting in the interests of the federal government but rather protects the minor's rights and concerns. Hence, the GAL is not a federal officer. Further, there is no evidence that Plaintiff's fraudulent transfer action in state court was brought as a result of or, in any relevant way, relates to Defendant's capacity as a GAL in the *Erichsen* case − which apparently was a 42 U.S.C. § 1983 civil rights action brought against a county social services department and its employees, a school district, and local law enforcement.

  It is further noted that Defendant has not filed any opposition to the Motion to Remand and has not proffered any evidence or contentions which might establish the existence of jurisdiction under Sections 1442 and 1443.

  In light of the above, Plaintiff's Motion to Remand is granted. The August 26, 2019 hearing is taken off-calendar, and this action is ordered to be remanded forthwith back to state court.